# WAITS, EMMETT & POPP, L.L.C.

ATTORNEYS AT LAW

RANDOLPH J. WAITS 1,2
JOHN F. EMMETT 1,2
MATTHEW F. POPP 1,2,3
JORDAN N. TEICH 1,4
MARGARET M. GUIDRY 1

1 ADMITTED IN LOUISIANA
2 ADMITTED IN TEXAS
3 ADMITTED IN FLORIDA, NEW YORK
4 ADMITTED IN SOUTH CAROLINA

SUITE 1950
1515 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112

TELEPHONE
(504) 581-1301

FACSIMILE
(504) 585-1796

SENDER'S E-MAIL ADDRESS:
rwaits@wep-law.com
jemmett@wep-law.com
mpopp@wep-law.com
jteich@wep-law.com
mguidry@wep-law.com

June 15, 2011

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED
VIA FAX (985) 631-2046

Quality Diesel Service, Inc.
P.O. Box 1817
Morgan City, Louisiana  70381

        Re:    Kevin Gros Offshore
                  M/V WHITEY GROS
                  Engine Failure
                  D/L:  May 7, 2011
                  Our Ref: 7209

Ladies & Gentlemen:

      I am writing to you on behalf of my client Houston Casualty Company to place you on notice of the referenced claim. On May 7, 2011, the starboard Caterpillar 3606 engine aboard the M/V WHITEY GROS, owned and operated by Houston Casualty's insured, Kevin Gros Offshore, experienced a catastrophic failure which started a fire and severely damaged the vessel. The No. 3 cylinder of the engine threw a connecting rod, rendering the engine an apparent total loss. The estimated amount of damage is approximately $1.75 million.

      I have reviewed records obtained from Kevin Gros indicating that your company did an in frame overhaul of the engine in early June, 2010. At the time of the failure, the engine had less than 4,000 hours following your work. We have preliminarily determined with our experts that the cause of the failure was improper torque being applied to the connecting rod bolts.



EXHIBIT G

Quality Diesel Service, Inc.
June 15, 2011
Page 2

I have been advised that you informed our marine surveyor, Daniel Blanchard, that you had no interest in attending the June 13, 2011 inspection of the engine parts at Kevin Gros' office based upon a claim that the warranty on your work had expired at the time of the loss. Kevin Gros has provided me with the invoice for the overhaul dated June 4, 2010, as well as the quotation for the work dated March 30, 2010. I have carefully reviewed the original copies of these documents and do not see where any warranty language appears in these documents. I have been informed that other than a vessel boarding agreement, which does not apply here, there is no written contract between Kevin Gros and your company.

The law regarding the liability of repairers such as Quality Diesel was summarized in *Marquette Transportation v. Louisiana Machinery*, 2002 WL 1809092 (E.D.La. 2002), rev'd on other grounds, 367 F.3d 390 (5th Cir. 2004) as follows:

Under maritime law, "a shipowner may sue in either tort or contract for negligent repairs to his vessel." *La Esperanza de P.R., Inc. v. Perez y Cia de Puerto Rico, Inc.*, 124 F.3d 10, 16 (1st Cir.1997). The *La Esperanza* court explained:

A ship repairer potentially faces three sources of liability for repairs he performs improperly on a vessel. He may be liable in contract for a breach of his expressly assumed obligations or for a breach of an implied warranty of workmanlike performance that attaches to admiralty contracts under the rule of *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). A ship repairer may also be liable for the maritime tort of negligence. Importantly, negligence causes of action in admiralty invoke the principles of maritime negligence, not those of the common law. Moreover, while the implied warranty of workmanlike performance "parallel[s] a negligence standard rather than imposing [the] strict liability" that attaches to the implied warranties in land-based contracts under the Uniform Commercial Code ..., "a shipowner may receive indemnity from a marine contractor for breach of implied warranty of workmanlike serve, albeit that such performance was done without negligence." Finally, federally developed maritime law applies both when a court construes the terms of a repair contract and when it construes the standard of performance due thereunder. *La Esperanza*, 124 F.3d at 16-17 (internal citations omitted).

The rule of law created by the U.S. Supreme Court in *East River Steamship v. Transamerica Delaval*, 476 U.S. 858 (1986), does not seem to apply since there was no exculpatory or limited warranty clauses applicable to this repair.

As to the issue of damages, under *Todd Shipyard Corp. v. Turbine Service*, 674 F.2d 401 (5th Cir. 1982), if there is a breach of the warranty of workmanlike performance, the vessel owner can recover on not only repair costs, but also loss of use and costs, expenses and attorneys' fees.

Quality Diesel Service, Inc.
June 15, 2011
Page 3


Since there was no express warranty applicable to this work, it appears that the implied warranty of workmanlike performance implicit in marine repairs contracts applies. This means that if the engine was not properly overhauled, and the connecting rod bolts properly installed, you may be liable to Houston Casualty, as the subrogated underwriter of Kevin Gros, for all losses it has or will pay to its insured.

I am requesting that if you have any materials indicating that this work was subject to an express warranty that you provide those documents to me. Houston Casualty has no interest in unnecessarily forcing the parties to incur litigation expenses in the event that you can demonstrate the existence of an express warranty. Please respond to this request.

I encourage you to contact the undersigned to arrange for a mutually convenient time to permit you and your representatives to examine the damaged parts which have led us to conclude that repairer's negligence was the cause of the loss. These parts are available for your inspection at a mutually convenient time.

Please provide a copy of this notice letter to your insurance carrier, with a request that they contact me at their earliest convenience.

If you wish to discuss the matter, please contact me at your convenience.

Sincerely,

JOHN F. EMMETT

JFE:jfe


cc: Dustin Goodwin (via email)

# WAITS, EMMETT & POPP, L.L.C.

ATTORNEYS AT LAW

RANDOLPH J. WAITS [1,2]
JOHN F. EMMETT [1,3]
MATTHEW F. POPP [1,2,3]
JORDAN N. TEICH [1,3]
MARGARET M. GUIDRY [1]

SUITE 1950
1515 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112

TELEPHONE
(504) 581-1301

FACSIMILE
(504) 585-1796

[1] ADMITTED IN LOUISIANA
[2] ADMITTED IN TEXAS
[3] ADMITTED IN FLORIDA, NEW YORK
[4] ADMITTED IN SOUTH CAROLINA

SENDER'S E-MAIL ADDRESS:
rwaits@wep-law.com
jemmett@wep-law.com
mpopp@wep-law.com
jteich@wep-law.com
mguidry@wep-law.com

## FACSIMILE TRANSMITTAL SHEET

TO: Quality Diesel Service     FAX NO. 985-631-2046

_____       FAX NO. _____

_____       FAX NO. _____

FROM: John Emmett

DATE: 6-15-11

RE: Kevin Gros

NO. OF PAGES INCLUDING COVER: 4

*THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL, MAY BE PRIVILEGED AND IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON RESPONSIBLE FOR DELIVERING THIS TRANSMISSION TO THE INTENDED RECIPIENT, YOU ARE EXPRESSLY PROHIBITED FROM DISSEMINATING, OR IN ANY WAY USING ANY OF THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE WITHOUT THE SPECIFIC WRITTEN CONSENT OF THE SENDER.

MESSAGE:

IF YOU RECEIVED THIS FACSIMILE IN ERROR, PLEASE RETURN TO _____ AT 504-585-1796.

IF THERE ARE PROBLEMS ASSOCIATED WITH YOUR RECEIPT OF THIS FACSIMILE, PLEASE CONTACT _____ AT 504 581 1301.